# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANITA COMEAU,**
 **JACQUES LONGTIN,**

                **Plaintiffs,**

**-vs-**                              **Case No.  6:06-cv-891-Orl-22JGG**

**BRAY & GILLESPIE III MANAGEMENT LLC,**
**OCEAN RESORTS, OCEAN WATERS, LLC,**
**SEA GARDEN HOSPITALITY**
**MANAGEMENT, INC., BRAY & GILLESPIE,**
**INC.,**

                **Defendants.**

_____

# ORDER

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DEEM AMENDED REQUESTS FOR ADMISSION ADMITTED (Doc. No. 48)** |
| **FILED:** | **March 30, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

    On January 2, 2007, Defendant Sea Garden Hospitality, Inc. ["Sea Garden"] served Requests for Admission by mail on Plaintiff Anita Comeau.[1]  On February 6, 2007, Sea Garden took the deposition of Brown.

    As of March 30, 2007, since Brown had not yet responded to the Requests for Admission, Sea Garden filed a "Motion to Deem Amended Requests for Admission Admitted" [Docket No. 48] now

_____

[1]Sea Garden's motion seeks relief only as to Plaintiff Anita Comeau, not Plaintiff Jacques Longtin.

before the Court.  Sea Garden asks the Court to deem its requests admitted due to Comeau's failure to respond pursuant to Federal Rule of Civil Procedure 36(a).

In response to the motion, Comeau filed late responses to Sea Garden's requests for admission, as well as a memorandum in opposition in which Comeau admits that the responses were late, but asks the Court to permit the late responses.  Docket No. 49.  Comeau claims that during her deposition, she answered questions that were similar to four of Sea Garden's requests for admission.  *Id.* at 2.  Brown argues that allowing him to provide late responses is not prejudicial to Sea Garden because Sea Garden was "aware of the correct answer [sic] to Requests for Admissions No. [sic] 6, 9, 10, and 14 as early as February 6, 2007."  *Id.*

Both parties are wrong about the law.  Failure to timely respond to requests for admission results in *automatic* admission of the matters requested.  Fed. R. Civ. P. 36(a).  The court, on motion, may permit the withdrawal or amendment of the admission if "[1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  Fed. R. Civ. P. 36(b); *see also, Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (establishing a two-part test based on Rule 36(b) that must be applied in deciding motions to withdraw admissions).

The United States Court of Appeals for the Eleventh Circuit has held that a district court abuses its discretion in ruling on a motion to withdraw admissions if it applies some other criterion beyond Rule 36(b)'s two-part test or if it grossly misapplies the test.  *Perez*, 297 F.3d at 1265.  The

proper focus is on the effect allowing the admission would have on the litigation and the prejudice that the opposing party would suffer, and not the moving party's excuse for its erroneous admission. *Id*.

Sea Garden's motion was unnecessary. Comeau automatically admitted the requests by failing to timely respond. *See* Fed. R. Civ. P. 36(a). Sea Garden's Motion to Deem Amended Requests for Admission Admitted [Docket No. 48] is therefore **DENIED** as moot.

The Court also interprets Comeau's request to permit the late responses as a request to withdraw his automatic admissions. It is inappropriate to bury a request for relief in a memorandum in opposition. Comeau's request is **DENIED** without prejudice for failure to comply with Local Rule 3.01(a)-(g).

Finally, it does not appear that counsel for either party made a good faith attempt to agree on the issues raised in this motion. The Court expects counsel to make a significant effort to *talk* to each other and confer about discovery disputes to avoid unnecessary Court intervention.

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-